UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDEN HOLLAND

       Plaintiff,

v.                                                      Case No.:  2:25-cv-13-JLB-NPM

SGT. CHAVARNA and LT.
BASSILLO,

       Defendants.
_____/

**ORDER OF DISMISSAL**

Plaintiff Branden Holland, a prisoner of the Florida Department of Corrections, initiated this action by filing a *pro se* civil rights complaint and a motion for leave to proceed as a pauper.   (Doc. 1; Doc. 2)   At the Court's direction, Plaintiff filed an amended complaint on February 28, 2025.   (Doc. 9.)   After reviewing the amended complaint, the Court ordered Plaintiff to show cause why his case should not be dismissed for abuse of the judicial process because he did not disclose all of his prior state and federal cases, as required on the complaint form. (Doc. 13.)   Plaintiff responded to the order to show cause.   (Doc. 19.)

For the following reasons, Plaintiff's complaint will be dismissed without prejudice to filing a new civil action in which he provides the Court with his complete litigation history.

## I.      Background

On January 6, 2025, Plaintiff initiated this action under 42 U.S.C. § 1983. (Doc. 1.)   Because the complaint was unsigned and not on the approved form, the

Court directed Plaintiff to file an amended complaint.   (Doc. 8.)   Plaintiff filed his amended complaint on February 28, 2025.   (Doc. 9.)   Section Eight of the complaint form questioned Plaintiff about his previous lawsuits.   (Id. at 9.) Plaintiff indicated that he had filed one prior lawsuit and listed Middle District of Florida case number 2:23-cv-399-JES-NPM (by name only).   (Id.)   However, Plaintiff did not identify Middle District of Florida case numbers 3:20-cv-247-BJD-MCR (dismissed for failure to state a claim) and 2:23-cv-398-JLB-KCD (similar facts as this case) or Southern District of Florida case number 1:24-cv-22711-BB (dismissed as frivolous).   Nor did Plaintiff acknowledge Eleventh Circuit case number 24-10804.

The Court ordered Plaintiff to show cause why he should not be subject to sanctions, including, but not limited to, the dismissal of the instant case without prejudice due to his failure to honestly apprise the Court of his litigation history. (Doc. 13.)   In his response to the order to show cause, Plaintiff—without explanation—identified the missing cases and asserted that he "has showed cause to this Court why he should not be subject to sanctions."   (Doc. 19 at 1.)

## II.    Discussion

Providing false information to the court is, in and of itself, a valid ground for dismissing a complaint.   See Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983

action).[1]  In Redmon, the Eleventh Circuit affirmed the district court's dismissal of a complaint based upon the plaintiff's misrepresentation of his litigation history, noting abuse of the judicial process.  Id. at 225.  The court explained that under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal."  Id. (citing Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).  The Eleventh Circuit further explained that a district court may impose sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure if a party knowingly files a pleading that contains false contentions, and although pro se pleadings are held to less stringent standards, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules."  Redmon, 414 F. App'x at 226 (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).  Finding no abuse of discretion, the court noted that the plaintiff had failed to disclose a prior lawsuit but was afforded an opportunity to show cause as to why his complaint should not be dismissed.  The Eleventh Circuit affirmed the district court's

---

[1]  **Error! Main Document Only.**A raft of other persuasive Eleventh Circuit cases say the same thing.  See, e.g., Kendrick v. Sec'y, Fla. Dep't of Corr., 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); Rickerson v. Sec'y, Fla. Dep't of Corr., No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding that dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions relating to his incarceration or conditions of confinement); Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); Shelton v. Rohrs, 406 F. App'x 340, 340–41 (11th Cir. 2010) (upholding district court's dismissal noting that "[e]ven if [Plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits"); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132–33 (11th Cir. 2012) (same).

conclusion "that Plaintiff's explanation for his failure to disclose the [lawsuit]—that he misunderstood the form—did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction." Id. at 226.

Here, Plaintiff provides no explanation for his failure to reveal his prior cases. The complaint form clearly asked whether Plaintiff had brought <u>any</u> other lawsuits in state or federal court while confined. This question was neither ambiguous nor unclear. Even if Plaintiff could not remember the precise case numbers of his prior litigation, he would have known that he had filed at least four other cases in federal district court and at least one appeal in the Eleventh Circuit Court of Appeals, and he had an obligation to apprise the Court of this. He cannot simply correct his omission by listing the previously omitted cases in a response to the order to show cause. Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation and holding that "the district court was correct to conclude that to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

The Court concludes that Plaintiff, who is not a novice litigator, was aware of his duty to apprise the Court of his prior litigation and follow the Federal Rules of Civil Procedure. And Rule 11 forbids lying in pleadings filed with the Court. <u>See</u> Fed. R. Civ. P. 11(b); Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006) ("Rule 11 forbids lying in pleadings, motions, and other papers filed with the court[]"); <u>Kendrick</u>, 2022 WL 2388425, at *3 (noting that *pro se* litigants "owe the same duty

of candor to the court as imposed on any other litigant").   In sum, the Court finds that Plaintiff purposefully misled the Court regarding his litigation history.

If misrepresentations on a complaint form are not met with consequences (i.e., sanctions), the duty of candor required under Rule 11 would be meaningless. Rule 11(b)(4) commands that "[a] sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."   Fed. R. Civ. P. 11(b)(4).   Because Plaintiff is incarcerated and proceeding *in forma pauperis*, he is unlikely to be able to pay a significant monetary sanction.   Moreover, the actions that Plaintiff complained about occurred in August of 2021.   Thus, a dismissal without prejudice will not preclude Plaintiff from re-filing the case before the expiration of the statute of limitations.   Thus, the Court finds that the appropriate sanction for Plaintiff's lack of candor is a dismissal without prejudice to him filing a new case that discloses all of his prior litigation, including this case.

## III.   Conclusion

Plaintiff did not truthfully disclose his prior cases as required by the explicit instructions on the civil rights complaint form, and he has not offered an explanation for his lack of candor.   Plaintiff's failure to fully disclose his previous lawsuits constitutes an abuse of the judicial process.   See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).   An appropriate sanction for such abuse of the judicial process is the dismissal of the complaint without prejudice.   Id.

ACCORDINGLY, it is hereby **ORDERED**:

1.    This case is **DISMISSED without prejudice** for abuse of the judicial

process.

2.    The **Clerk of Court** is directed to enter judgment dismissing this case

without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on April 9, 2025.

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**

Copies: Branden Holland